UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ALAN KAYE, M.D.,

    Plaintiff,

        v.

UMDNJ/ROBERT WOOD JOHNSON
MEDICAL COLLEGE, et. al.,

    Defendants.

Civil Action No. 15-6332 (ES)(MAH)

REPORT AND RECOMMENDATION

## I.    Introduction

This matter comes before the Court on Plaintiff's motion to remand the instant matter to the Superior Court of the State of New Jersey, Essex County [D.E. 34]. Pursuant to Local Civil Rule 72.1, the Honorable Judge Esther Salas, United States District Judge, referred the motion to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decided this motion without oral argument. For the reasons set forth below, the Undersigned respectfully recommends that the District Court deny Plaintiff's motion.

## II.    Background

On June 26, 2015, Plaintiff, who was then proceeding *pro se*, filed a Complaint against Defendants Rutgers, The State University of New Jersey, Dr. Donald R. Reeves, and Dr. Anasuya Salem in the Superior Court of New Jersey, Essex County, Law Division. Plaintiff alleges, *inter alia*, that Defendants violated his right to an accommodation under the Americans

with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*[1] *See* Compl., June 26, 2015, Exh. 1 to Defs.' Notice of Removal, D.E. 1, at pages 2-5.  On August 21, 2015, Defendants filed a Notice of Removal, asserting that federal jurisdiction exists over Plaintiff's Complaint under 28 U.S.C. § 1331.  Notice of Removal, Aug. 21, 2015, D.E. 1.  Specifically, Defendants maintained that "this action is being removed to this Court on the ground that original jurisdiction over Plaintiff's claims exists pursuant to 28 U.S.C. § 1331, by virtue of its federal question jurisdiction arising out of Plaintiff's claims under the ADA." *Id.* ¶¶ 7-8.  On September 11, 2015, Defendants filed a Motion to Dismiss Plaintiff's Complaint, to which Plaintiff failed to file an opposition.  Motion to Dismiss Plaintiff's Complaint, Sept. 11, 2015, D.E. 5.

Sometime after removal of the action to this Court, Plaintiff obtained counsel, who entered an appearance on September 30, 2015.  Entry of Appearance, Oct. 1, 2015, D.E. 8.  Thereafter, despite being represented by counsel, Plaintiff attempted to file an Amended Complaint on October 6, 2015.  Amended Complaint, Oct. 6, 2015, D.E. 10.  However, that proposed Amended Complaint was void upon filing.[2]

---

[1] Plaintiff also alleges that he was "[d]eprived of medical leave which I was entitled." *See* Compl., June 26, 2015, Exh. 1 to Defs.' Notice of Removal, D.E. 1, at 2.  This claim could be construed as alleging a violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* ("FMLA").  In fact, the void proposed Amended Complaint specifies that Plaintiff's "FMLA (medical leave) was denied based on lies[.]"  Amended Complaint, Oct. 6, 2015, D.E. 10.  Because Plaintiff never properly amended the Complaint, it remains unclear whether it alleges a violation of FMLA, which would provide an independent basis for federal jurisdiction under 28 U.S.C. § 1331.  Because the Undersigned determines herein that the Complaint alleges a violation of the ADA, and that claim provides federal jurisdiction under § 1331, the Court need not reach this issue.

[2] The proposed Amended Complaint was invalid for two reasons.  First, Plaintiff attempted to file it himself despite the fact that by that point, counsel represented him.  Second, it was not authorized under Federal Rule of Civil Procedure 15(a).  Specifically, Plaintiff filed it beyond the twenty-one days after serving the original complaint, and beyond the twenty-one days after Defendants filed the motion to dismiss.  Moreover, as detailed in this Opinion, Plaintiff did not file another amended pleading despite the fact that the Court granted him leave

2

On October 23, 2015, the attorneys for the parties participated in a telephone conference call with the Undersigned. Pursuant to that call, the Court terminated Defendants' Motion to Dismiss, and allowed Plaintiff until November 16, 2015, to serve a proposed Amended Complaint on Defendants so that Defendants could indicate to Plaintiff whether they would consent to the amendment. Order, Oct. 23, 2015, D.E. 13. However, Plaintiff failed to adhere to the October 23, 2015 Order, and instead filed a defective motion to amend. First Motion to Amend, Nov. 20, 2015, D.E. 15. Therefore, the Court terminated Plaintiff's motion and directed him to follow the procedure to which the parties agreed at the October 23rd conference and that the Court outlined in its October 23, 2015 Order. Text Order, Dec. 1, 2015, D.E. 17.

Thereafter, Plaintiff failed to file any Motion to Amend. Accordingly, the operative Complaint in this matter is Plaintiff's original *pro se* Complaint. Compl. p. 2-5, filed Jun. 26, 2015, Exh. 1 to Defs.' Notice of Removal, D.E. 1.

On February 29, 2016, this Court held a telephone conference with the parties. During that call, Plaintiff's counsel indicated that he planned to dismiss certain counts of the Complaint and move to remand the matter to state court. Accordingly, this Court ordered Plaintiff to file any motion to remand by March 24, 2016. Text Order, Feb. 29, 2016, D.E. 21. However, Plaintiff failed to file the motion to remand.

On April 6, 2016, this Court entered an Order directing Plaintiff to show cause why the Complaint should not be dismissed for failure to prosecute and failure to comply with this Court's Orders. Order to Show Cause, Apr. 6, 2016, D.E. 23. This Court withdrew the Order to Show Cause on May 2, 2016 after receiving Plaintiff's response. Order, May 2, 2016, D.E. 27.

---

to do so. Accordingly, the operative Complaint remains the original version that Defendants removed to this Court.

3

Because Plaintiff, however, still had not filed the remand motion raised on February 29, 2016, the Court, on May 25, 2016, ordered Plaintiff to file the remand motion by June 24, 2016. Order, May 25, 2016, D.E. 28. Plaintiff filed a motion to remand on June 24, 2016, but failed to file a brief in support of the motion. Accordingly, the Court denied the motion without prejudice. Motion to Remand, June 24, 2016, D.E. 29; Order, June 28, 2016, D.E. 30. On September 9, 2016, Plaintiff filed a renewed Motion to Remand, which Defendants opposed on October 3, 2016. Second Motion to Remand, September 9, 2016, D.E. 34; Memorandum in Opposition, Oct. 3, 2016, D.E. 35.

### III. Discussion

#### A. Legal Standard – Removal and Remand

As an initial matter, the Court notes that a decision to remand is dispositive. *In re U.S. Healthcare,* 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Accordingly, the Court makes the following Report and Recommendation to the Honorable Judge Ester Salas, United States District Judge.

Removal of a civil case to a federal court is governed by 28 U.S.C. § 1441. A defendant may remove an action brought originally in state court only if the plaintiff could have filed the complaint within the original jurisdiction of the federal court. 28 U.S.C. § 1441(b); *see also* 28 U.S.C. §1441(a) ("Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States...."). A federal court lacking subject matter jurisdiction over a case must remand the matter back to state court. 28

U.S.C. § 1447(c); *see Farina v. Nokia, Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) (noting that a federal court cannot proceed without subject matter jurisdiction, nor can a party waive such jurisdiction). As the party asserting federal jurisdiction by way of removal, the defendant bears the burden of establishing that subject matter jurisdiction exists at all stages in which the case is properly before the federal court. *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Section 1441 is to be construed strictly; all doubts must be resolved in favor of remand. *Id.* (establishing that courts construe § 1441 strictly to honor "the Congressional intent to restrict federal diversity jurisdiction"); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) ("[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (citations omitted) (internal quotations marks omitted); *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because lack of [federal] jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.") (citations omitted).

The existence of a federal court's jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction must be decided on the face of the plaintiff's complaint. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'") (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9–10 (1983)); *Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 309 (3d Cir. 1994). Specifically, a case "arises under" federal law, and thereby invokes federal jurisdiction, only if the well-pleaded complaint sets forth claims based explicitly on federal law or "when a federal statute wholly displaces the state-law cause of action" so that the claims "even if pleaded

in terms of state law, [are] in reality based on federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003); *see Franchise Tax Bd.*, 463 U.S. at 13 (stating that original federal jurisdiction is available where a well-pleaded state law claim has a "substantial, disputed question of federal law" that is a "necessary element" of that well-pleaded state law claim). The "arising under" doctrine "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005). In determining whether a well-pleaded, state court complaint alleges claims "arising under" federal law, a federal court ignores potential defenses and focuses solely on the allegations contained in the complaint. *Beneficial Nat'l Bank*, 539 U.S. at 6; *but see Franchise Tax Bd.*, 463 U.S. at 22 (noting that, although the plaintiff is the "master" of the suit and therefore may decide whether to rely on state or federal law, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint") (citations omitted) (internal quotation marks omitted).

In *Grable & Sons Metal Products, Inc. v. Darue Engineering and Mfg.*, 545 U.S. 308 (2005), the United States Supreme Court set forth a test a court should use in determining whether a state law claim presents a substantial question of federal law. Specifically, the Court in *Grable* established that: "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable,* 545 U.S. at 314. The *Grable* Court instructed that the "arising under" doctrine "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law." *Id.* at 312.

Put another way, "[a] case arises under federal law within the meaning of § 1331 . . . if a 'well pleaded complaint establishes either that federal law creates the cause of action or that plaintiffs right to relief necessarily depends on resolution of a substantial question of law.'" *Ortiz v. Univ. of Med. & Dentistry of New Jersey*, Civ. No. 08-2669, 2009 WL 737046 (D.N.J. Mar. 18, 2009) (internal citations omitted). *See also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (holding that a case "arises under" federal law, and thereby invokes federal jurisdiction, only if well-pleaded complaint sets forth claims based explicitly on federal law or "when a federal statute wholly displaces the state-law cause of action" so that the claims "even if pleaded in terms of state law, [are] in reality based on federal law."). Accordingly, federal jurisdiction will arise if either (a) Plaintiff alleges a claim under a federal statute, or (b) resolution of Plaintiff's claim will require interpretation of a substantial federal law.

B. **Analysis**

Plaintiff's counsel argues that this case should be remanded to state court because *pro se* Plaintiff's "mere mention of the ADA, as an afterthought fails to meet any prong of the *Grable* test." Second Motion to Remand, Sept. 9, 2016, D.E. 34, p. 3. Plaintiff's counsel contends that "this 'afterthought' is not essential" to a claim under the New Jersey Law Against Discrimination. *Id.* Defendants contend that remand is inappropriate because Plaintiff's Complaint presents federal claims on its face, in that Plaintiff asserts a claim in his Complaint for "[d]enial of rights to accommodation under ADA law." Memorandum in Opposition, Oct. 3, 2016, D.E. 35, p. 9.

As an initial matter, the Court finds that Plaintiff's reference to the ADA in his *pro se* Complaint is neither ambiguous nor confusing. A plaintiff, *pro se* or not, is the master or his or her pleadings. In this case, Plaintiff unambiguously alleges a "[d]enial of my rights to

7

accom[m]odation under ADA law." Compl., June 26, 2015, Exh. 1 to Defendants' Notice of Removal, D.E. 1, at 2.  There is nothing in the *pro se* Complaint that would lead this Court to believe that the reference to the ADA was an "afterthought" or purely background material for another, state-law claim.  Indeed, Plaintiff's counsel fails even to explain why he believes reference to the ADA was an afterthought; perhaps, it is because it is the last sentence in Plaintiff's *pro se* Complaint.  Nonetheless, listing this claim last makes it no more of an afterthought than any of the other claims contained within the Complaint.

Additionally, the procedural history makes clear that Plaintiff had ample opportunity to amend his Complaint, whether to discard federal claims and seek remand or otherwise.  Even when Plaintiff filed a defective application, the Court denied it without prejudice and afforded him another opportunity.  Order, Dec. 1, 2015, D.E. 17.  Plaintiff chose not to do so.  Even after that, Plaintiff was afforded an opportunity to dismiss certain counts of the Complaint specifically to seek remand.  Although Plaintiff ultimately filed the remand motion, he never dismissed any claims.  The only reasonable inference is that Plaintiff has chosen to stand by the original pleading, including the ADA claim.  Accordingly, the Court cannot conclude that the ADA reference is merely an afterthought.

The next issue is whether Plaintiff's claim presents an actually disputed and substantial question of federal law.  *Grabel*, 545 U.S. at 315.  The Court finds that Plaintiff's claim that he was not provided an accommodation as required under the ADA clearly requires resolution of a substantial federal legal issue, *i.e.*, whether Plaintiff's right to an accommodation guaranteed by federal law were violated.  To address Plaintiff's claim that he was denied an accommodation under the ADA the Court will necessarily need to consider the ADA and the scope of his rights under that statute to determine whether, in fact, Defendants violated Plaintiff's rights.  Therefore,

8

the Court concludes that Plaintiff's claim does raise a disputed and substantial federal issue because a potential violation of the ADA is by its very nature substantial, and clearly Defendants dispute the validity of Plaintiff's claim brought under the ADA. *See* Memorandum in Opposition, Oct. 3, 2016, D.E. 35, pp. 25-27.

Finally, the Court concludes that the third prong of the analysis is satisfied. This prong requires the Court to consider whether the exercise of federal jurisdiction here would disturb the balance of federal and state judicial responsibilities. The Court finds that the exercise of federal jurisdiction here would not disturb the balance between the federal and state courts. Congress enacted the ADA to protect the civil rights of disabled persons and to give them a mechanism wherein they could enforce their civil rights. 42 U.S.C. § 12101. Therefore, the Court finds that exercising federal jurisdiction over a claim falling under the ADA would not disturb the balance between state and federal responsibilities.

In short, the substance of the Complaint and the fact that Plaintiff has eschewed any opportunity to remove the ADA claim persuade the Court that Plaintiff seeks redress for alleged violations of federal law protecting the disabled and, as such, raise actually disputed and substantial questions of federal law. That Plaintiff's counsel now contends that Plaintiff's claim should have been brought under the New Jersey Law Against Discrimination rather than under the ADA is irrelevant, since either way, Plaintiff's Complaint squarely places in issue the interpretation and application of federal constitutional rights. In the absence of an Amended Complaint removing the ADA claim, the Court is bound by the well-pleaded complaint rule and determines that the Complaint on its face pleads a claim arising under federal law.

Therefore, the Court finds that Plaintiff's Complaint: (1) raises a federal issue, *i.e.*, resolution of Plaintiff's claim will require a determination of whether Defendants violated

federal law; (2) that is both disputed and substantial; and (3) the exercise of federal jurisdiction over this matter will not disturb the "balance of federal and state judicial responsibilities." 545 U.S. at 314. Accordingly, the Court finds that this case "arises under" federal law, thereby invoking federal jurisdiction, because the well-pleaded complaint sets forth claims based explicitly on federal law. *See Beneficial Nat'l Bank*, 539 U.S. at 8.

IV.     **Conclusion**

For the reasons above, the Undersigned respectfully recommends that Plaintiff's motion [D.E. 34] be denied. The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

*s/ Michael A. Hammer*
**United States Magistrate Judge**

Dated: December 12, 2016